# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2012

Lyle W. Cayce
Clerk

No. 11-40226

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES STEPHEN DROUIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-1055-1

Before GARZA, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Charles Stephen Drouin of possession with intent to distribute more than 292 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Drouin contends that the evidence was insufficient to support his conviction because the Government failed to prove that he had knowledge of the presence of the marijuana found in the truck that he was in driving when he was stopped.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40226

Drouin moved for judgment of acquittal at the close of the Government's case and again at the close of all evidence, thereby preserving his challenge to the sufficiency of the evidence. *United States v. Olguin*, 643 F.3d 384, 393 (5th Cir. 2011). Accordingly, we review de novo "to determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Id.* In evaluating the sufficiency of the evidence, this court views all evidence, draws all reasonable inferences, and makes all credibility determinations in the light most favorable to the verdict. *United States v. Mendoza*, 522 F.3d 482, 488 (5th Cir. 2008).

"Knowledge can be inferred from control of the vehicle in some cases; however, when the drugs are hidden, control over the vehicle alone is not sufficient to prove knowledge." *Id.* at 489 (internal quotation marks omitted). "In a hidden compartment situation, this Court requires other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *Id.* (internal quotation marks omitted).

Viewing the evidence in the light most favorable to the verdict, a rational jury could have found that the Government proved the essential elements of the offense of possession of marijuana with intent to distribute beyond a reasonable doubt. Drouin's nervousness when questioned by the government agents, his avoiding eye contact with them, and his hesitance and evasive responses to their questions; the value of the drugs found in the truck (estimated to be worth $565,000); and the fact that some of the drugs were found in an open wheelbarrow and that Drouin had the keys to the toolboxes where the rest of the drugs were found, was sufficient circumstantial evidence of Drouin's guilty knowledge. *See United States v. Villarreal*, 324 F.3d 319, 324-25 (5th Cir. 2003); *United States v. Gonzalez-Lira*, 936 F.2d 184, 192 (5th Cir. 1991); *United States v. Diaz-Carreon*, 915 F.2d 951 (5th Cir. 1990); *see also United States v. Rivera*, 444 F. App'x 774, 781-83 (5th Cir. 2011).

The conviction is AFFIRMED.